# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2021

Lyle W. Cayce
Clerk

No. 20-60420
Summary Calendar

Harun Orrashid,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 652 891

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Harun Orrashid, a native and citizen of Bangladesh, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60420

We review the decision of the BIA and will consider the immigration judge's (IJ) decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). In addition, we review questions of law de novo and factual findings for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Regarding the denial of his application for asylum, Orrashid's argument that he had established past persecution need not be addressed because the BIA assumed that he had established past persecution. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25-26 (1976). Orrashid further contends that the BIA erred by determining that he could not show a well-founded fear of future persecution based on the IJ's finding that Orrashid could safely relocate in Bangladesh. *See* 8 C.F.R. § 1208.13(b)(2)(ii). When Orrashid, a member of the Liberal Democratic Party, fled his hometown after he was twice beaten by members of the Awami League, he lived peacefully with relatives in other Bangladeshi towns before departing for the United States.[1] Thus, we conclude that substantial evidence supports the BIA's finding that Orrashid did not have a well-founded fear of future persecution based on his ability to relocate within Bangladesh. *See Wang*, 569 F.3d at 537; *see also* § 1208.13(b)(2)(ii). Because Orrashid has not established eligibility for asylum, he necessarily has not established eligibility for withholding of removal. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019).

---

[1] To the extent Orrashid challenges the IJ's finding regarding the potential for relocation within Bangladesh, we lack jurisdiction to address it because Orrashid failed to exhaust the issue by not contesting it before the BIA. *See Mirza v. Garland*, 996 F.3d 747, 753 (5th Cir. 2021).

2

No. 20-60420

Finally, as Orrashid did not challenge the IJ's denial of CAT relief before the BIA, we lack jurisdiction to review this unexhausted issue. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

The petition for review is DISMISSED IN PART and DENIED IN PART.